IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JEFFERY SEWELL,

    Plaintiff,

v.

BRUCE CHATMAN; WINDELL FOWLER;
LARRY BREWTON; JOHN PAUL; and
FREDDIE DAVIS,

    Defendants.

CIVIL ACTION NO.: CV614-67

## ORDER

Presently before the Court are Plaintiff's Objections, (docs. 68, 69), to the Magistrate Judge's Report and Recommendation, (doc. 66), and Defendants' Response to Plaintiff's Objections.[1] (Doc. 71.) After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. The Court finds that the Magistrate Judge accurately laid out the applicable law and correctly determined that Defendants' Motion to Dismiss must be granted. There is no need to repeat the Magistrate Judge's analysis at length. However, the Court does address Plaintiff's Objections.

In his Objections, Plaintiff seeks to once again explain why he filed his original grievance untimely. While the Court recognizes Plaintiff's contention that he could not file a timely grievance, the Court also recognizes that Plaintiff's contention misses the mark. Without repeating the Magistrate Judge's analysis on the exhaustion issue, the undersigned notes the Magistrate Judge's conclusion that, even if Plaintiff had filed Grievance Number 151495 in a

---

[1] Plaintiff filed a Reply Brief, (doc. 68), which was docketed two (2) days after the Magistrate Judge entered his Report and Recommendation. The undersigned considers this pleading as one of Plaintiff's Objections to the Report and Recommendation.

timely manner, he still would not have exhausted his administrative remedies prior to the filing of his Complaint. The reason for this is because Plaintiff failed to set forth any factual allegations in this grievance which align with the assertions he set forth in his Complaint.

Plaintiff also asserts that the Court should have disregarded the affidavits and other documents Defendants submitted with their Motion to Dismiss. This Court cannot ordinarily consider matters outside the pleadings when ruling on a motion to dismiss without converting the dismissal motion into one for summary judgment. However, if a motion to dismiss is based on a defendant's contention the plaintiff failed to exhaust his administrative remedies, this Court can accept and consider matters outside the pleadings without the need to convert the motion into one for summary judgment. Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008) ("Where exhaustion—like jurisdiction, venue, and service of process—is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."). The Magistrate Judge's Report does not speak to the relative merits of Plaintiff's claims, only whether Plaintiff properly exhausted his administrative remedies prior to filing this cause of action. Therefore, it was proper for the Magistrate Judge to consider the documents submitted by Defendants. Moreover, because the Report and Recommendation only addresses exhaustion, the Court need not address Plaintiff's remaining Objections which only speak to his claims' merits.

Plaintiff's Objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation is **ADOPTED** as the opinion of the Court, and Defendants' Motion to Dismiss, (doc. 46), is **GRANTED**. Plaintiff's Complaint, (doc. 1), is **DISMISSED**, without prejudice, based on his failure to exhaust his administrative remedies prior to the filing of this

cause of action. The Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. Additionally, for the reasons set forth in the Report and Recommendation, in the event Plaintiff files an appeal in this matter, his Motion to Proceed *In Forma Pauperis* on appeal is **DENIED**.

**SO ORDERED**, this 20th day of May, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA